Janice Walker
2823 N Castro Ave
Tucson, AZ 85705
602/732-8174
walker.janice.e@gmail.com



UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA
TUCSON DIVISION

| | |
|---|---|
| JANICE WALKER, | Case No. 4:20-cv-00429-TUC-RM |
| Plaintiff | |
| vs. | Jury Trial Requested |
| LOWE'S HOME IMPROVEMENT, LLC, | |
| Defendant | **DISABILITY DISCRIMINATION AMENDED COMPLAINT** |

## PARTIES TO THIS COMPLAINT

A. **Plaintiff:**
Janice Walker
2823 N Castro Ave
Tucson, AZ 85705
602/732-8174
walker.janice.e@gmail.com

B. **Defendant:**
Lowe's Home Improvement, LLC
327 Hillsborough Street
Raleigh, NC 27603
800-445-6937

## JURISDICTION

1. Plaintiff is a consumer who is a resident of Tucson, AZ.
2. Venue is correct as this district and division embrace the place where the Lowe's Home Improvement store owned by Lowe's Home Improvement, LLC, defendant, is located at 4151 N Oracle Rd, Tucson, AZ 85705 where offences occurred and plaintiff resides. Lowe's Home Improvement, LLC headquarters is located in Raleigh, NC.
3. Jurisdiction is proper in that plaintiff was a victim of unlawful discrimination under The Americans with Disability Act Title III. Defendant, Lowe's Home Improvement is in violation of 42 USC Chapter 126 Section 12182(a) discrimination as a general rule and 42 USC Chapter 126 Section 12182(2)(A)(ii) not making reasonable modifications in policies, practices, or procedures. Additionally plaintiff was subjected to unlawful retaliation in violation of 42 USC Section 12203(a) for requesting reasonable modifications and complaining of discrimination and 42 USC Section 12203(b) intimidation and threats along with assault and physical injury and unlawfully being banned from store by defendants for exercising her rights under this chapter. The amount in controversy also exceeds $75,000.00.
4. Plaintiff also asks the court to address state violations of the Arizonans With Disabilities Act under ARS 41-1492.02(A) discrimination as a general rule, 41-1492.02(G)(2) failure to make reasonable modifications in policies, practices, and procedures, 41-1492.10 retaliation for requesting reasonable modifications and complaining of discrimination. Additionally ARS 11-1024(B)(1) animal poses a direct threat to the health and safety of others was violated by defendants along with violations of ARS 12-542(1) personal injury.

## STATEMENT OF CLAIM

5. Plaintiff is a disabled senior citizen with an impaired immune system and asthma along with fibromyalgia. As such she requires reasonable modifications in policies



and practices at times from public accommodations in order to have access to do business. Plaintiff has been shopping at Lowe's Home Improvement located at 4151 N Oracle Rd. in Tucson AZ since 2014 very frequently, usually at least 3 times per week due to ongoing real estate rehab projects.

6. Plaintiff has been requesting reasonable modifications from defendant Lowe's continuously from September 2014 when she started shopping there in Tucson through 2020. All requests have been completely disregarded, ignored, or denied with no efforts at all ever being made to accommodate the disability needs of plaintiff in order to have access to shop there without physical injury and/or having to leave the store or not go in at all.

7. On June 22, 2020 Manager Chance at Lowe's Oracle Rd. location in Tucson refused to provide any reasonable modification in policies and practices to keep a dog away from me that was brought in by customer right next to me at a return register after I was already there trying to conduct business. This was not even an assistive animal – just a customer who thought it was fun to bring his pet into the hardware store with him.

8. This modification was required by plaintiff because being exposed to dog dander causes significant swelling of face, throat, and eyes and severe wheezing and breathing problems. Defendant is required by state and federal disability law to provide this simple modification to keep the dog away from plaintiff so the store is accessible because it meets the legal guidelines of the law 1) it does not cost too much 2) it does not fundamentally change the nature of the business. Additionally state assistive animal law requires the animal to be removed from the store if it poses a direct threat to the health and safety of others.

9. Being exposed to this dog dander caused significant health problems for plaintiff which was refused by Manager Chance. No effort was made at all to remove dog or even move it to a different location to accommodate the needs of plaintiff thus resulting in one of many medical emergencies.

10. Manager Chance also had an extremely hostile tone of voice during this entire disability negotiation telling plaintiff that he has discussed this with her before in the store many times and is not going to do anything because their store policy is "pet



Case 4:20-cv-00429-JCH   Document 11   Filed 04/01/21   Page 4 of 12

and assistive animal" friendly. Plaintiff again brought up the ADA reasonable modifications and state assistive animal laws which they are required to be in compliance with and are violating which was ignored again by defendant.

11. This is a constant problem with dogs in the Lowe's store all the time from 2014 through 2020 with no efforts ever being made by defendants to keep dogs away from me in compliance with the ADA or remove them due to causing significant health problems in compliance with state assistive animal laws. Plaintiff has been requesting this same simple disability modification constantly multiple times per week with no cooperation and usually a very hostile response from all store managers. Plaintiff has had constant medical emergencies and physical injuries in the store and had to leave without completing shopping or even leave the parking lot without even going in due to large dogs entering the front door most of which are not even assistive animals.

12. Plaintiff even contacted the Lowe's corporate office in 2015 to discuss the problem and request that they get in compliance with the ADA and change their store policy to allow only assistive animals in the stores in order to cut back on the number of dogs roaming the store. There is no reason at all why anyone needs to bring their pets with them to the hardware store which does not cater to animals in any way. Plaintiff will be requesting an injunction and court order forcing Lowe's to change this "pet friendly" policy to "assistive animals only" since Lowe's refuses to cooperate, in addition to requiring them to get in compliance with state and federal disability and assistive animal laws.

13. On June 30, 2020 plaintiff was at Oracle Rd. Lowe's store making a return at the check-out counter when I requested a reasonable modification from the clerk to point the product scanner away from me at all times. This simple modification was needed by plaintiff because these digital scanners cause significant neurological problems such as dizziness, brain fog, cognitive, and memory impairments when they are pointed at me that last for hours and sometimes as long as several days. Lowe's is required by law to provide this modification because it meets the legal guidelines set by law 1) it does not cost too much 2) it does not fundamentally change the nature of the business.



14. The clerk completely ignored me and zapped me numerous times with the scanner pointed directly in my face to scan all the items I was returning which injured me. I asked for a manager and Matt came over to assist. I explained my reasonable modification request and the refusal of the clerk to comply and the neurological injury caused and asked for help.

15. Before Matt could even respond a customer in line behind me who came in after this occurred started yelling loudly where all customers in the area could hear yelling that she saw everything and the clerk did nothing wrong and they should ignore me. I then requested that the store manager ask this customer to stop yelling and interfering in my legal disability negotiation and explained that she was not there and did not see anything and had no legal right to be in the middle of this conversation much less yelling about my private medical needs in front of a lot of customers.

16. Matt did nothing to stop this customer's rude and loud interference which continued until I left the store. He also refused to address the clerk about her discriminatory conduct which injured me. His only response was "I'll keep that in mind." Then "Next" moving me out of the way and waving the next customer to the desk.

17. This is a frequent reasonable modification which I request in this store and have many, many times from 2014 through 2020. I am almost always completely ignored by all staff members who proceed with pointing their product scanners right at my face while checking me out since I am sitting down in an electric cart at the level where they are holding the scanners. I have been injured repeatedly in this store causing neurological problems with my brain from these scanners which usually harms me for several days at a time interfering with my work and other daily life activities.

18. Since the corona virus pandemic has started Lowe's has apparently adopted a new extreme cleaning policy in recent months insisting that they have to spray cleaning chemicals at every register and checkout counter after every single customer checks out. Since I am sitting in an electric cart lower than other standing customers they are spraying chemical spray right in my face while I am in line to check out. Due to my impaired immune system and asthma I need to avoid exposure to chemical



sprays. It causes significant serious health problems causing my face, eyes, and throat to swell up and possibly cut off all air supply and also causes asthma attacks. This new extreme cleaning policy is completely blocking access for me to shop at Lowe's as it is going on at every store check-out counter. No other retail stores I have been in are doing this nor does the CDC recommend it. Additionally the chemical spray they are using is dangerous to breathe and is not to be used in that manner according to the MSDS sheet from the manufacturer.

19. MSDS sheet for Walse D Biocide Disinfectant in use warns to "**Avoid direct contact with eyes, mucous membranes or direct inhalation of product. In case of inhalation, take the injured into the fresh air. If dizziness persists or symptoms of respiratory tract occur, immediately call 911. In case of skin contact, rinse with water. Eye Contact: Immediately flush with water. If irritation persists, contact doctor.**" In spite of these product warnings Lowe's is spraying massive amounts of this disinfectant in customer's faces at every checkout counter after every customer checks out. The air around all counters is filled with clouds of these very strong chemical fumes due to excessive use in non-ventilated areas.

20. Since this new policy started in recent months plaintiff has repeatedly requested reasonable modifications under state and federal disability laws to provide one accessible register that is not spraying excessive amounts of this disinfectant and doesn't have all the air around the checkout counter filled with these harmful fumes that I need to avoid exposure to. Lowe's is required by law to provide this simple modification as it meets the legal guidelines set by law 1) it does not cost too much 2) it does not fundamentally change the nature of the business. All disability modification requests to alter their practices to provide one accessible register that does not have clouds of toxic chemical spray in the air have been completely ignored and denied by defendant with employees stating that this is "Lowe's policy".

21. CDC corona virus guidelines for use of disinfecting products in public spaces states "Always read and follow the directions on the label to ensure safe and effective use. Wear skin protection and consider eye protection for potential splash hazards. Ensure adequate ventilation. Use no more than the amount recommended on the



label. **Special considerations should be made for people with asthma and they should not be present when cleaning and disinfecting is happening as this can trigger asthma exacerbations.**" Lowe's is in severe violation of these CDC cleaning guidelines and manufacturers guidelines, in addition to violating ADA reasonable modifications requirements and similar state disability laws.

22. On July 11, 2020 plaintiff was in Lowe's on Oracle shopping and could not find a check out register that was accessible due to vast amounts of disinfectant spray being sprayed at all checkout stands. I went to the return desk to hopefully find a register that wasn't in use and hadn't been sprayed with disinfectant yet as it was still fairly early in the day. I found an empty unused register, requested a checkout clerk to help me and proceeded to start checking out. I informed the clerk that I required simple reasonable modifications under state and federal disability laws to not spray any chemical spray at the register until after I left the check-out area.

23. She apparently then called manager Chance to address my disability request. My check out was going fine until he arrived. He immediately started yelling at me in a very hostile tone of voice after I discussed my very simple disability modification needs of waiting until I left before starting to spray the check-out area with disinfectant. He also went and grabbed a bottle of Walse D disinfectant and immediately started spraying it all over the checkout area, counter, plastic barrier, and in my face. He was spraying vast amounts of the chemical spray all over the area and in my face to deliberately and intentionally assault and injure me in and in violation of state and federal disability laws, CDC guidelines, and state personal injury law. He was yelling at me the whole time while assaulting me with disinfectant spray in retaliation telling me he would not cooperate with my disability needs and I was not allowed to shop at Lowe's and had to leave the store immediately.

24. I was in the middle of checking out buying products and using a Lowe's store return cash credit card to pay for them. I needed to complete the purchase and use my store credit. He finally allowed me to finish checking out while continuing to spray chemical spray in my face and yell at me that I was banned from the store and not allowed to ever enter a Lowe's store again (due to my disability request and in



retaliation for requesting disability modifications and complaining of discrimination) which has been a chronic problem in this store from 2014 through 2020 while I have been attempting to shop there.

25. I experienced a significant medical emergency with my face, eyes, and throat all swollen, eyes red and irritated, skin irritated, asthma and respiratory problems, and headache from this intentional assault and refusal to obey disability laws. I was supposed to start work when I returned home from that shopping trip and also had a handyman scheduled to work at my house. I had to cancel the handyman work and call in sick to my job. I immediately took a shower to try to wash off all the harmful chemical spray that had been intentionally sprayed all over me and in my face. I changed clothes. I was afraid to go to the hospital due to current virus patients that would be there as I am a senior citizen with an impaired immune system who is at high risk for the virus.

26. I had to then call Lowe's trying to get information on the product I had been assaulted with and get the MSDS sheet for helping to address the medical emergency I was experiencing. Lowe's corporate office and customer service were not answering the phone. Managers at other Lowe's locations which I was calling for help were not helpful at all and did not readily comply with federal law requiring them to have MSDS sheets for all products in use in their stores on file and available for access for medical emergency needs. It was very difficult to even get the name of the product as they were all making excuses and trying to evade dealing with the issue since I was injured. It took many hours to get that information and I had to locate the MSDS sheet myself online from the manufacturer. They clearly were more interested in covering up and protecting themselves than helping an injured disabled customer.

27. All Lowe's stores have huge floor cleaning/waxing tractors that they drive around the store daily to clean the floors which block access for me to enter or shop due to the strong chemical fumes they are spreading all over the store. I have repeatedly requested a simple disability modification starting in 2014 through 2020 to do this floor cleaning at night when the store is closed as all other retail stores do. That way



they can still clean their floors but I can avoid exposure and the chemical fumes have time to dry and dissipate before the store opens.

28. Lowe's has refused to provide this simple reasonable modification for six years. So there are times during the day and night when I cannot shop there or if I enter not knowing they are driving their huge floor mopping tractor around the store spreading wet toxic chemicals and waxes which I need to avoid exposure to I end up in the middle of the strong fumes, have a medical emergency, and have to leave the store. I require this modification because these fumes make my face, eyes, and throat swell up severely, cause headaches, and respiratory/asthma attacks. Lowe's is required by law to provide this simple modification to policies and practices in order for the store to be accessible as it meets the legal guidelines of the law 1) it doesn't cost too much 2) it doesn't fundamentally change the nature of the business.

29. Lowe's refuses to comply or make any efforts to change the timing of their floor cleaning/waxing activities so the store is accessible. I will be requesting an injunction to change this floor cleaning practice to be done at night only when the store is closed and to get in compliance with state and federal disability laws.

30. EPA guidelines also recommend avoiding exposure to these kinds of harmful VOC's (volatile organic compounds) when used indoors and I'm sure the MSDS sheets of the products in use also have such warnings. Of course I am fine with emergency floor clean up in a small area if there is a spill that needs to be cleaned up during open store hours.

31. I have encountered chronic disability discrimination from Lowe's regarding every single reasonable modification request I have ever made, violation of state assistive animal laws, frequent intentional personal injury, and vast amounts of wasted time having to leave Lowe's while trying to shop, or getting there and can't even enter the store due to these multiple disability access issues this company flat refuses to address at all. Now the discrimination has become so severe that they are intentionally assaulting me and have permanently banned me from the store in retaliation for being disabled and requesting simple policy and practices modifications in order to be able to shop at Lowe's like non-disabled people can and without constant physical injury and abuse when attempting to shop.



## COUNT ONE

**(Disability Discrimination in Violation of the Americans with Disabilities Act 42 USC Chapter 126 Section 12182 and Disability Retaliation 42 USC Section 12203)**

32. The foregoing paragraphs are realleged and incorporated by reference herein.
33. The Defendant's conduct as alleged at length herein constitutes discrimination based on disability in violation of the Americans with Disabilities Act: discrimination as a general rule and failure to make reasonable modifications in policies, practices, and procedures.
34. The Defendant's conduct as alleged at length herein constitutes unlawful retaliation in response to plaintiff's complaints of discrimination and efforts to exercise her rights under the law.

## COUNT TWO

**(Disability Discrimination in Violation of the Arizonan's with Disabilities Act ARS 41-1492.02 and Disability Retaliation 41-1492.10)**

35. The foregoing paragraphs are realleged and incorporated by reference herein.
36. The Defendant's conduct as alleged at length herein constitutes discrimination based on disability in violation of the Arizonans with Disabilities Act: discrimination as a general rule and failure to make reasonable modifications in policies, practices, and procedures.
37. The Defendant's conduct as alleged at length herein constitutes unlawful retaliation in response to plaintiff's complaints of discrimination and efforts to exercise her rights under the law.

## COUNT THREE

**(Violation of Arizona Assistive Animal Law ARS 11-1024(B)(1))**

38. The foregoing paragraphs are realleged and incorporated by reference herein.



39. The Defendant's conduct as alleged at length herein constitutes violation of Arizona Assistive Animal law requiring removal of an animal from a public accommodation if it poses a direct threat to the health and safety of others.

## COUNT FOUR

### (Violation of Arizona Personal Injury Law ARS 12-542(1))

40. The foregoing paragraphs are realleged and incorporated by reference herein.
41. The Defendant's conduct as alleged at length herein constitutes violation of Arizona Personal Injury law due to chronic personal injury and assault inflicted upon plaintiff by defendants in their stores by years of verbal abuse, hostile treatment, intentional physical injury, and intentional physical assault.

## RELIEF

42. Plaintiff seeks equitable relief through injunctions to eliminate federal and state discriminatory practices, ordering reasonable modifications to alter policies and practices needed for plaintiff to have access to shop at Lowe's. Plaintiff also seeks restraining orders to stop all retaliation by Lowe's in the form of harassment, assault, physical injury, and illegally banning plaintiff from entering and shopping at Lowe's for requesting reasonable modifications and complaining of discrimination. Plaintiff also asks the court to require all trainers, managers, and HR personnel at Lowe's to attend ADA and state assistive animal law training so they better understand these civil rights laws and how to correctly implement them which they appear to have little knowledge of and choose to deliberately disregard.
43. Plaintiff is requesting $80,000.00 in compensatory damages under state statutes ARS 41-1492.02(A), 41-1492.02(G)(2), 41-1492.10, ARS 11-1024(B)(1), and ARS 12-542(1). Plaintiff seeks this compensatory award of damages caused by years of abuse by Lowe's which resulted in plaintiff's humiliation, embarrassment, damage to reputation and finances, pain and suffering, repeated physical injuries, loss of time, and loss of wages.

Respectfully submitted,

*Janice E Walker*

Janice Walker
Pro Se for Plaintiff

Dated this 1st day of April 1, 2021.